IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Indy Bostick, | ) | Civil Action No. 2:09-cv-2738-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Beaufort County, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Defendant's motion for summary judgment. (Dkt. No. 21). Plaintiff brought this case alleging that Defendant failed to promote her to positions of Appraiser II and Appraiser III in the Beaufort County Assessor's Office because of her race in violation of Title VII of the Civil Rights Act of 1964. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration. The Magistrate Judge has made a Report and Recommendation ("R & R") that Defendant's motion for summary judgment be granted in part and denied in part. (Dkt. No. 35). Both parties have filed objections and replies to the Magistrate Judge's R & R. (Dkt. No. 36, 37, 39, 40). After a *de novo* review, this Court denies Defendant's motion for summary judgment for reasons set forth below.

**Background**

Plaintiff, and African American female, was initially employed by Defendant in the Assessor's Office in 2000 and was serving as an Appraiser I at the time of the job

1

openings in question. Defendant posted two Appraiser II openings in November 2007. The notice contained no requirement for the applicant to be licensed as an appraiser, but the County Assessor, Mr. Ed Hughes, has asserted that licensure as an appraiser was a job requirement. (Dkt No. 21-7 at 57; 21-8 at 4). Plaintiff applied for the Appraiser II position on December 21, 2007, following passing the licensed appraiser examination on December 18, 2007. (Dkt. No. 27-3 at 31, 32; 27-1 at 39-42). Plaintiff was recommended for the position by her immediate supervisor, an Appraiser III. Despite having passed the licensure examination, served in the Assessor's Office for seven years and been recommended for the position by her immediate supervisor, the County Assessor elected not to interview Plaintiff for the position because her appraiser's license had not been issued. Furthermore, despite the fact that Plaintiff's appraiser's license was subsequently issued prior to the filling of the Appraiser II positions, her application was not considered even after she satisfied this allegedly essentially requirement.

Defendant elected only to interview candidates outside the office. Two white males were ultimately employed to fill the positions. One of these successful applicants, Mr. Louis Zeller, was a licensed appraiser in Georgia but had no South Carolina appraiser's license when he was hired for the position on February 29, 2008. Mr. Zeller was not licensed as an appraiser in South Carolina until April 8, 2008. (Dkt. No. 32-2 at 1). Mr. Zeller's license subsequently lapsed for a brief period in July 2008 because of his inability to comply with certain continuing education requirements. (Dkt. No. 27-3 at 17-19; 39 at 3-4).

An Appraiser III position thereafter opened and Plaintiff submitted her application on July 7, 2008. (Dkt. No. 27-4 at 23-26). Plaintiff was then fully licensed as an

appraiser in South Carolina. Mr. Zeller also applied for the position. The record apparently does not document when Zeller actually submitted his application for the Appraiser III position, but it is undisputed that from July 1-23, 2008 he was not licensed as an appraiser despite the fact he continued to hold the position of Appraiser II. Both Plaintiff and Zeller were interviewed for the Appraiser III position in August 2008, and Zeller was ultimately hired. Defendant asserts that supervisory experience was an important consideration for the position, and it is undisputed that Zeller had supervisory experience and Plaintiff did not. (Dkt. No. 21-7 at 47). However, evidence in the record indicates that at least two persons had previously been placed in the Appraiser III position with Defendant with no prior supervisory experience. (Dkt. No. 21-3 at 87-88).

## Discussion

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In passing upon a motion for summary judgment, the Court must the view the facts in a light most favorable to the non-moving party and to construe all inferences against the movant. *United States v. Diebold*, 369 U.S. 654 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non- moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985)

As the Fourth Circuit has explained, a Title VII plaintiff may "avert summary judgment . . . through two avenues of proof." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005) (quoting *Hill v. Lockheed Martin Logistics*

4

*Management, Inc.*, 354 F.3d 277, 284 (4th Cir. 2004) (emphasis added). A plaintiff can survive a motion for summary judgment by presenting direct or circumstantial evidence that raises a genuine issue of material fact as to whether an impermissible factor such as race motivated the employer's adverse employment decision. *Diamond*, 416 F.3d at 318. Alternatively, a plaintiff may "proceed under [the *McDonnell Douglas*] 'pretext' framework, under which the employee, after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." *Hill*, 354 F.3d at 285.

Here, the Court will analyze this action in light of the *McDonnell Douglas* test which requires that an employee first prove a *prima facie* case of discrimination by a preponderance of the evidence. If she succeeds, the employer has an opportunity to present a legitimate, nondiscriminatory reason for its employment action. If the employer does so, the presumption of unlawful discrimination created by the prima facie case drops out of the picture, and the burden shifts back to the employee to show that the given reason was just a pretext for discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

In *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), the Supreme Court stated that evidence of pretext, combined with the plaintiff's prima facie case, does not compel judgment for the plaintiff, because "[i]t is not enough . . . to disbelieve the employer; the fact finder must believe the plaintiff's explanation of intentional discrimination." *Id.* at 147 (citation omitted). However, the Court also stated that, under the appropriate circumstances, "a plaintiff's prima facie

5

case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id.* It is the plaintiff's burden to create an inference that the defendant's proffered reason is a pretext for intentional discrimination. *See id.* at 147-48. (4th Cir.1989). Conclusory allegations, without more, are insufficient to preclude the granting of the defendant's summary judgment motion. *See Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985) abrogated on other grounds by *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

To establish her prima facie case of a discriminatory failure to promote, the plaintiff must show: (1) that she is a member of a protected class; (2) that she applied for the position in question; (3) that she was qualified for that position; and (4) that the defendant rejected her application under circumstances that give rise to an inference of unlawful discrimination. *See Bryant v. Aiken Reg. Med. Ctrs., Inc.*, 333 F.3d 536, 544-45 (4th Cir. 2003); *Amirmokri v. Baltimore Gas & Elec. Co.*, 60 F.3d 1126, 1129 (4th Cir.1995). In this matter, the plaintiff has pled a single cause of action for failure to promote. She complains that she was discriminated against on account of her race in that the defendant denied her application for promotion to the Appraiser II and Appraiser III positions. Plaintiff alleges that Defendant rejected her applications because she is African American.

The Court finds that Plaintiff offered sufficient evidence to establish a *prima facie* case regarding the Appraiser II position. First, as an African American, she is a member of the protected class. Second, Plaintiff applied for the position in question. Third, Plaintiff was qualified for the position of Appraiser II. The Court is aware that Defendant

vigorously contests this conclusion and makes elaborate arguments regarding the exact timing of Plaintiff's licensure, the precise date of the job interviews and the technicalities associated with the absence of South Carolina licensure of the successful candidate, Mr. Zeller, at the time he was offered the position. The bottom line is that Plaintiff had a valid South Carolina appraiser's license at the time the Appraiser II position was filled and Mr. Zeller did not. Taking the evidence in a light most favorable to the non-moving party, a valid South Carolina appraiser's license was not an absolute prerequisite for the Appraiser II position, making the sequence of events relating to when Plaintiff actually obtained her South Carolina license an academic question. Fourth, Plaintiff, by establishing that the successful applicants were Caucasian and she is African American, satisfies the requirement that there was present circumstances that give rise to an inference of unlawful discrimination. *Carter v. Ball*, 33 F.3d 450, 458 (4th Cir. 1994).

Defendant has asserted that Plaintiff was not interviewed or otherwise considered for the Appraiser II position because she lacked an essential job requirement, a South Carolina appraiser's license. Because the Defendant proffered a legitimate, non-discriminatory reason for its actions, the plaintiff bears the burden of demonstrating that the real reason for denial of the promotion was, in fact, an unlawful one. As is most common, the Plaintiff attempts to satisfy this burden by asserting that the Defendant's proffered reason is pretextual or false. Specifically and principally, Plaintiff contends that the reason for her disqualification must necessarily have been false because the individual selected, Mr. Zeller, had no South Carolina appraiser's license and she had an appraiser's license at the time the position was filled. Here, Plaintiff has simply cast aspersions on the veracity of the explanation. This is appropriate. The United States Supreme Court

has indicated that the sheer "falsity" of the reason in combination with the prima facie case is enough to establish pretext. *See Reeves*, 530 U.S. at 147; *Anderson*, 406 F.3d at 269.

The Court is aware that Defendant asserts that Plaintiff's job performance did not merit her promotion to the Appraiser II position and that the circumstances under which Plaintiff's earlier apprentice appraiser license expired were troubling. The Court is also aware that Plaintiff has offered evidence from her immediate supervisor which reflects a very positive view of Plaintiff's performance and her candidacy for promotion. Further, there is competing evidence of alleged racial animosity, which the disputants accusing each other of racial discrimination. The Court cannot weigh the evidence. At this stage, the Court has determined that Plaintiff has met her burden under the *McDonnell Douglas* test and it will be for the jury to resolve the various factual issues in contest regarding the Appraiser II position.

In regard to the Appraiser III position, the Court finds that Plaintiff is able to establish a *prima facie* case. Plaintiff is a member of a protected class and applied for the Appraiser III position. Although the Defendant has provided no posted job notice or other document setting forth qualifications for the position, Plaintiff was fully licensed when she applied for the Appraiser III position and was interviewed. Taking the facts in a light most favorable to the Plaintiff as the non-moving party, she has satisfied the requirement that she was qualified for the position. Finally, by showing that a Caucasian candidate was hired for the position, Plaintiff has established the last prong of the *McDonnell Douglass prima facie* test.

Defendant has asserted a legitimate nondiscriminatory reason for its decision, Plaintiff's lack of supervisory experience. Plaintiff concedes she has no supervisory experience but asserts that such an explanation by Defendant for denying her the Appraiser III position is pretextual because two prior persons promoted to Appraiser III positions had no prior supervisory experience. (Dkt. No. 21-3 at 87-88). Taking the evidence in a light most favorable to the Plaintiff as the non-moving party, the Defendant's prior promotion of other employees to the Appraiser III position without supervisory experience is sufficient to raise a genuine dispute regarding a material fact that makes the grant of summary judgment inappropriate.

## Conclusion

Based on the above, Defendant's motion for partial summary judgment is **DENIED** (Dkt. No. 21) and the matter will be set for trial.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

August 10, 2011
Charleston, South Carolina